# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2018

Lyle W. Cayce
Clerk

SESHADRI RAJU, M.D., P.A.,

Plaintiff−Appellant,

versus

ERIN MURPHY, M.D.,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:17-CV-357

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Two doctors had a business relationship and an agreement that contemplated arbitration to resolve disputes. When they disagreed, Seshadri Raju sued Erin Murphy instead of invoking arbitration. The state suit was removed to federal court, whereupon Murphy counterclaimed. Only then did Raju invoke the arbitration clause. The district court denied Raju's motion to stay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the proceedings and compel arbitration.  Raju brings this interlocutory appeal under 9 U.S.C. § 16(a).

The district court issued a succinct but more than adequate explanation of its reasons for denying arbitration.  It noted that "[t]he right to arbitrate . . . is subject to waiver" (quoting *Nicholas KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (citation omitted)).  The court properly noted that "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party" (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)).

The district court accurately found that Raju had "substantially invoke[d] the judicial process."  As the court said, "[t]he record suggests that Dr. Raju was initially uninterested in resolving this dispute through arbitration" and decided on that avenue only when the case landed in federal court through removal.  As the court opined, "Dr. Raju clearly prefers litigation over arbitration, apparently just not in this Court."

Murphy still must show prejudice to establish waiver, for, as the district court observed, "[i]nvocation of the Judicial process, alone, is insufficient to support waiver of arbitration."  The court correctly found prejudice from Murphy's being required to answer the complaint, to file a counterclaim, to consult with two law firms, and to gear her legal strategy to court proceedings instead of arbitration.  The court pointed out that Murphy was also prejudiced by the public nature of the lawsuit, whereas arbitration would have been private and confidential, so Murphy was hurt "by the public filing of the highly charged allegations accusing her of tortious and even criminal conduct."

The district court handled this matter ably, fairly, and expeditiously.  There was prejudice and waiver.  The order denying the motion to stay and to compel arbitration is AFFIRMED.